IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

---

In re: : Chapter 11
:
FORT HILL SQUARE ASSOCIATES, and : Case No. 04-13855-CJK and
FORT HILL SQUARE PHASE 2 ASSOCIATES, : 04-13857-CJK
: (Jointly Administered)
Debtors. :
:

---

**RESPONSE OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS TO MOTION OF THE DEBTORS TO DISQUALIFY IP
COMPANY, L.L.C. AND BOSTON FUNDING, L.L.C. FROM VOTING ON
THE BASIS OF BAD FAITH**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases (the "Cases") of Fort Hill Square Associates and Fort Hill Square Phase 2 Associates (collectively, the "Debtors"), by and through its undersigned counsel, hereby submits this Response Of The Official Committee Of Unsecured Creditors To Motion Of The Debtors To Disqualify IP Company, L.L.C. And Boston Funding, L.L.C. From Voting On The Basis Of Bad Faith (the "Motion"). Final adjudication of the Motion should be postponed until threshold matters are resolved. As grounds therefor and in support thereof, the Committee states as follows:

I. **BACKGROUND**

1. On May 7, 2004 (the "Petition Date"), the Debtors commenced their Cases under chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. On May 17, 2004, the United States Trustee for the District of Massachusetts, pursuant to section 1102(a) of the Bankruptcy Code, duly appointed seven entities to the Committee to represent the interests of the Debtors' unsecured creditors in these Cases.

3. By the Motion, the Debtors ask the Court to disqualify any votes that may be cast by IP Company, L.L.C. (the "Lender") and Boston Funding, L.L.C. ("Boston Funding") in connection with confirmation of the Debtors' plan of reorganization ("Plan"). In support of their request, the Debtors allege that the Lender caused its affiliate, Boston Funding, to purchase the claims of NStar, Structuretone and Greenberg Traurig in order to establish a blocking position relative to the confirmation of the Debtors' Plan.

4. The Debtors further assert that the claims purchased by Boston Funding ("Boston Funding Purchased Claims") were obtained for the bad faith purpose of denying the Debtors the opportunity to reorganize, and will not be voted by Boston Funding in service of Boston Funding's interest as a creditor but rather in service of the Lender's competing real estate business. Therefore, the Debtors argue, the Boston Funding Purchased Claims should be designated pursuant to Bankruptcy Code §1126 (e).

5. In addition, in support of the Motion, the Debtors make very serious allegations of misconduct on the part of the Lender in its negotiations with creditors.

6. The Lender responded to the Motion on or about September 13, 2004 with its Opposition to, and Motion to Strike, "Motion of the Debtors to Disqualify IP Company, L.L.C. and Boston Funding, L.L.C. from Voting on the Basis of Bad Faith" [Docket No. 489] (the "Motion to Strike"). In the Motion to Strike, the Lender denies the allegations of misconduct leveled at it by the Debtors and refutes the basis on which the Debtors seek to designate the Boston Funding Purchased Claims.

7.      Subsequently, the Lender sought to quash subpoenas supporting discovery requests of the Debtors directed to the Lender, Lender's counsel and the Lender's affiliates and principal. A hearing was held on the dispute on September 20, 2004 (the "September 20 Hearing") at which many issues pertaining to the underlying Motion were extensively argued. By order on September 21, 2004 [Docket No. 529] (the "September 21 Order"), the Court quashed the Debtors' subpoenas directed at the Lender and its counsel and indicated that it would treat the Motion to Strike as a Motion for Summary Judgment pursuant to Fed. R. Bankr. P. 7056.[1]

## II.    THE COMMITTEE'S RESPONSE

8.      This Motion is premature. The Boston Funding Purchased Claims have not been voted in these Cases, nor could they be voted until a disclosure statement has been approved, a milestone which is a month away (scheduled for November 1, 2004). Moreover, the Boston Funding Purchased Claims are deemed unimpaired in the Debtors' Plan and therefore will not be voted unless the Lender and Boston Funding successfully challenge the classification of the Boston Funding Purchased Claims.

9.      In parallel, and perhaps more importantly, the Debtors' Plan is expressly conditioned on the Debtors' success in the adversary proceeding to determine the amount of the Lender's claim in these Cases.[2] In the event the Debtors do not prevail in the Adversary Proceeding, the Debtors' Plan (at least in its present form) would fail. In such circumstances, the issues raised by the present Motion would be moot.

---

[1] Subsequently, the Lender sought to quash subpoenaed document production directed by the Debtors to counsel for the Committee [Docket No. 531] which effort was opposed by the Debtors [Docket No. 535]. By endorsed Order dated September 22, 2004, the Court sustained the Debtors' opposition and denied the Lender's further effort to quash. Committee counsel then duly complied with the Debtors' subpoena.

[2] Adversary proceeding No. 04-01227-JNF ("Adversary Proceeding"). The Debtors seek a determination that the Lender's claim as of the Petition Date did not exceed $650,818,032.

10. Accordingly, assuming the Motion survives summary judgment pursuant to the September 21 Order concerning procedural treatment of the Motion to Strike, final adjudication of the Motion, including any related evidentiary hearing, should be appropriately postponed to coincide with resolution of threshold matters such as the Adversary Proceeding or the appropriateness of the classification of the Boston Funding Purchased Claims (should a challenge be brought). In the meantime, and to ensure that all parties have an adequate opportunity to fully litigate such serious allegations, the parties should be provided with a fair opportunity for appropriate discovery in advance of any evidentiary hearing.

**WHEREFORE**, the Committee asks the Court to procedurally join further adjudication of the Motion to resolution of the aforementioned threshold matters and to grant such other relief as is just and appropriate under the circumstances.

Dated: October 6, 2004

Respectfully submitted,

**BROWN RUDNICK BERLACK ISRAELS LLP**

By: /s/ William R. Baldiga
William R. Baldiga (BBO# 542125)
John C. Elstad (BBO# 654469)
One Financial Center
Boston, MA 02111
Telephone: 617-856-8200

**COUNSEL TO THE OFFICIAL
COMMITTEE OF UNSECURED
CREDITORS OF THE DEBTORS**

#1303366 v\1